# United States Bankruptcy Court

## District of Connecticut



| | |
|---|---|
| In re:   Ace Begonias Inc.  <br><br>        Debtor* | Case Number: 19-31430 <br> Chapter: 7 |
| Bonnie C. Mangan, Chapter 7 Trustee <br> Plaintiff(s) <br><br> v. <br><br> Kabbage, Inc. <br> Defendant(s) | Adversary Proceeding <br> No: 21-03007 |

### ORDER DIRECTING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO APPEAR AT A PRE-TRIAL CONFERENCE

On August 30, 2021, the plaintiff, Bonnie C. Mangan, Chapter 7 Trustee, commenced this adversary proceeding, Case No. 21-03007, by filing a complaint against the defendants, Kabbage, Inc., and Celtic Bank. AP-ECF No. 1. The defendant, Celtic Bank, has since been dismissed from this case based upon a stipulation pursuant to Fed.R.Civ.P. 41(a)(1). AP-ECF No. 42. The case remains pending as to defendant, Kabbage, Inc. Recently, on January 18, 2022, the court held a Pre-Trial Conference, but neither the plaintiff nor her counsel, Attorney David Shufrin, appeared.

Fed.R.Civ.P.16, applicable to this adversary proceeding pursuant to Fed.R.Bankr.P. 7016, authorizes a court to order sanctions if an attorney "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f)(1). The sanctions a court may impose includes dismissal and other sanctions provided for under Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii). Fed.R.Civ.P. 16(f)(1). "In deciding whether a sanction is merited, the court need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 366–67 (E.D.N.Y. 2013).

Additionally, under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed.R.Civ.P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Gonzalez v. Red Lobster Restaurants, LLC*, 20CIV8628ATOTW, 2021 WL 5965716, at *2 (S.D.N.Y. Dec. 16, 2021)(citing, *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)).

Here, the lack of appearance at the January 18, 2022 Pre-Trial Conference is the latest event in what appears to be a pattern by plaintiff's counsel of failing to attend to the deadlines and requirements of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and this court's orders. The court notes previous deficiencies appear to include failing to file a return of service; failing to timely respond to a motion to dismiss; failing to timely file a report of parties' planning conference pursuant to Fed.R.Civ.P. 26(f) and the court's scheduling order; and failing to serve the defendant, Kabbage Bank, Inc. with a request for entry of default pursuant to Fed.R.Bankr.P. 7004.

The court notes that the failure of Attorney Shufrin to attend to deadlines, rules and orders was brought to the plaintiff's attention within the past several weeks during a status conference in another adversary proceeding where Attorney Shufrin also failed to appear, to the apparent surprise of the plaintiff.

ACCORDINGLY, it is hereby

**ORDERED:** On or before February 1, 2022, Attorney David Shufrin shall file a statement responding to this Order to Show Cause, to explain his failure to appear on January 18, 2022, and to show cause why this case should not be dismissed as a sanction for the failure to appear at a Pre-Trial Conference pursuant to Fed.R.Civ.P. 16(f) or Fed.R.Civ.P. 41(b); and it is further

**ORDERED:** The Clerk's Office shall serve this Order upon the plaintiff, the defendant and Attorney Shufrin via United States Mail, first class, postage pre-paid.

BY THE COURT

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut

Dated: January 21, 2022

United States Bankruptcy Court
District of Connecticut
157 Church Street, 18th Floor
New Haven, CT 06510

*For the purposes of this order, "Debtor" means "Debtors" where applicable.