# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| ACE BEGONIAS, INC., | : | Case No. 19-31430 (AMN) |
| Debtor | : | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ACE BEGONIAS, INC., | : | Adv. Proc. No: 21-03007 |
| Plaintiff, | : | |
| v. | : | |
| KABBAGE, INC. and CELTIC BANK, | : | |
| Defendants. | : | January 28, 2022 |

## DEFENDANT KABBAGE, INC.'S MOTION TO SET ASIDE DEFAULT

Defendant Kabbage, Inc. ("Kabbage") hereby moves this Court to set aside the default entered by the clerk (ECF No. No. 55), under Bankruptcy Rule 7055 and Federal Rule of Civil Procedure 55(c).

**I.    INTRODUCTION**

This Court should set aside the default for three reasons. First, Kabbage never received service of the Complaint or Summons in this lawsuit.[1] Second, Kabbage has a meritorious defense

---

[1] *See* Exhibit A, Declaration of Daniel Eidson ¶¶ 3 5. Further, because Plaintiff waited almost five months to file any proof that it served Kabbage, thus violating District of Connecticut Local Rule 4(d), this Court should dismiss the claims against Kabbage in their entirety. *See* D Conn. L. Civ. R. 4(d) ("The plaintiff shall file proof of service complying with Fed. R. Civ. P. 4(l), or proof of waiver of service, within 7 days after plaintiff's receipt of such proof."); D. Conn. Bankr. L.R. 1000-1 ("The Local Rules of Bankruptcy Procedure supplement, but do not replace the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Bankruptcy Procedure, or the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut."); *See, e.g.*, U.S.

{00253266.2 }

because, among other defenses, Plaintiff Ace Begonias, Inc. ("Ace") agreed to arbitrate all claims against Kabbage in the business loan agreements (the "BLAs") that form the basis of Ace's claim. Indeed, a Minnesota state court recently compelled arbitration of substantially similar claims based on identical contract language. *See* Exhibit B (order compelling arbitration of similar claims based on identical arbitration agreements).[2] And third, Ace will suffer no prejudice if the Court lifts the default because Ace waited five months after filing this case to file a proof of service, move for default, or take any action against Kabbage.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Ace, acting through Bonnie Mangan as its Chapter 7 trustee, filed this adversary proceeding on August 30, 2021. ECF No. 1, Complaint. The Complaint alleges that Kabbage, a financial technology company in Atlanta, Georgia, along with defendant Celtic Bank, a state-chartered bank headquartered in Utah, entered into an illegal "rent-a-bank scheme" pursuant to which Celtic Bank issued small business loans serviced by Kabbage. Id. ¶¶ 12–14, 23.

Ace alleges that it entered into approximately thirteen BLAs between 2016 and 2017 with Celtic Bank. Id. Ace alleges that although Celtic Bank was the party to and lender under the BLAs, Kabbage was the "true lender" that marketed, underwrote, and approved the BLAs. Id. ¶¶ 14–15.[3]

---

*ex rel. Drake v. Norden Sys., Inc*., 375 F.3d 248, 256 (2d Cir. 2004) (holding that a violation of a "[l]ocal rule of procedure may serve as notice that . . . leads to dismissal.").

[2] Further, although an arbitrator must decide the claims Ace asserts, the only arbitrator to review similar claims against Kabbage rejected those claims entirely. *See* Exhibit C (arbitration order rejecting substantially identical claims against Kabbage and Celtic Bank). Thus, not only do Ace's claims fail because they are subject to binding arbitration, they will also fail in arbitration.

[3] On October 13, 2021, Celtic Bank moved to dismiss the Complaint for insufficient process, to compel arbitration, and to stay the case. ECF No. 9. Celtic Bank argued that the Court should dismiss because (1) Celtic Bank never received the Summons and Complaint and (2), even if Celtic Bank had, Ace did not properly serve Celtic Bank under Fed. R. Bankr. P. 7004(h). ECF No. 9-1, Celtic Bank's Mot. Dismiss at 2–3. Celtic Bank next argued that that the Court should compel the parties to arbitrate because there was a binding arbitration provision in each of the BLAs Ace entered into with Celtic Bank. Id. at 3–5. Concurrently with its motion to dismiss, Celtic Bank filed a motion to withdraw the reference of this matter to the Bankruptcy Court. ECF No. 10.

On January 7, 2022, Ace requested entry of default as to Kabbage. ECF No. 41. The Court denied that request on January 10, 2022, because Ace failed to indicate that "service was made on Defendant Kabbage, Inc. in accordance with Fed. R. Bankr. P. 7004." ECF No. 44.

On January 18, 2022, the Court apparently attempted to hold a preliminary conference. ECF No. 46. But Ace failed to appear and, thus, the Court issued a show-cause order:

> Here, the lack of appearance at the January 18, 2022 Pre-Trial Conference is the latest event in what appears to be a pattern by plaintiff's counsel of failing to attend to the deadlines and requirements of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and this court's orders. The court notes previous deficiencies appear to include failing to file a return of service; failing to timely respond to a motion to dismiss . . .
>
> The court notes that the failure of Attorney Shufrin to attend to deadlines, rules and orders was brought to the plaintiff's attention within the past several weeks during a status conference in another adversary proceeding where Attorney Shufrin also failed to appear, to the apparent surprise of the plaintiff.
>
> ACCORDINGLY, it is hereby
>
> **ORDERED**: On or before February 1, 2022, Attorney David Shufrin shall file a statement responding to this Order to Show Cause, to explain his failure to appear on January 18, 2022, and to show cause why this case should not be dismissed as a sanction for the failure to appear . . .

ECF No. 48 at p. 2, Jan. 21, 2022 Order to Show Cause.

In an apparent response to the show-cause order, Ace again moved for default against Kabbage on January 21, 2022. (ECF No. 47). In support of its motion, and for the first time in the course of this litigation, Ace filed a "Certificate of Service," asserting that Ace had mailed a copy of the Summons and Complaint to Kabbage in September 2021. ECF No. 49. There was no certificate showing that Kabbage received the Summons or Complaint, or that either document was delivered. See id.

The Court found that Ace's second request for default was "defective" because "[s]ervice was not addressed to the attention of an officer in accordance with Fed. R. Bankr. P. 7004(3)."

ECF No. 51. Ace then tried for a third time to fix its errors and obtain default. ECF No. 52, Third Request for Default as to Kabbage. In support of this final request, Ace filed a "Supplemental Certificate of Service Re: request for Entry of Default Against Defendant Kabbage, Inc." ECF No. 53. On Monday, January 24, 2022, the Clerk granted Ace's request for default. ECF No. 55. Kabbage now moves the Court to vacate that default.

### III. ARGUMENT

Bankruptcy Rule 7055 provides that Rule 55 of the Federal Rules of Civil Procedure apply in adversary proceedings like this one. In turn, Rule 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine good cause "[u]nder Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *see also Sardarian v. Fed. Emergency Mgmt. Agency*, No. 3:19-CV-910 (CSH), 2020 WL 1542374, at *2 (D. Conn. Jan. 9, 2020) ("Because the rule [55] does not define good cause, the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment . . . (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.") (quotations omitted).

Further, as a policy matter, "[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan*, 652 F.2d at 277; *see also Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("Because there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party."); *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (reversing district court's grant of default judgment for abuse of discretion because "[t]his court has never hesitated to reverse the

denial of a motion to vacate a default judgment where further factfinding was necessary to ensure that substantial justice was served . . . and the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort, . . . which should only be imposed upon a serious showing of willful default").

Here, each of the three factors weigh in favor of vacating the default.

### 1. The Court should set aside the default because it was not willful; Kabbage never received service of the complaint or summons.

To determine whether the failure to respond was willful, this Court must determine "whether Defendants' failure to appear and plead was motivated by 'bad faith, or at least something more than mere negligence.'" *Sardarian*, 2020 WL 1542374, at *4 (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996)).

Here, Kabbage did not fail to respond to the Complaint in bad faith. To the contrary, Kabbage did not receive service of the Summons or Complaint. *See* Exhibit A, Declaration of Daniel Eidson ¶¶ 3-5. Although Kabbage has a process by which it receives mail, including legal notices, Kabbage has no record of receiving the Complaint or Summons here. Id. ¶ 4. Further, as the Court noted in its show-cause order, Ace did not "file a return of service" showing that it served or attempted to serve Kabbage until January 21, 2022, almost five months after filing this Complaint. Indeed, although Ace apparently filed proof of service as to Celtic Bank shortly after filing the Complaint, (ECF No. 9-3), there was no indication that Ace had even *attempted* to serve Kabbage until last Friday, January 21.[4] ECF No. 48 at p. 2.

---

[4] Further, unlike the certificate of service for Celtic Bank, the certificate of service as to Kabbage does not indicate a delivery receipt or signature. Compare ECF No. 9-3, COS for Celtic Bank showing delivery scan and receipt signature, with ECF Nos. 49 and 49-1, COS for Kabbage only purporting to show mailing.

Ace's five-month delay between filing this case and filing proof of service violates the District of Connecticut's Local Rules[5] and the Federal Rules. *See* D. Conn. L. Civ. R. 4(d). Specifically, District of Connecticut Local Rules 4(d) provides that "[t]he plaintiff shall file proof of service complying with Fed. R. Civ. P. 4(l), or proof of waiver of service, within 7 days after plaintiff's receipt of such proof." Ace's certificate of service shows that it purportedly mailed the Complaint and Summons to Kabbage on September 17, 2021, and received proof of receipt the same day. ECF No. 49-1. Rule 4(l) thus required Ace to file proof of service by or before September 24, 2021. It failed to do so, waiting five months to even allege service as to Kabbage.

For this reason alone, and consistent with the Court's Show Cause Order, the Court should dismiss this action, notwithstanding Ace's belated attempts to seek default against Kabbage. *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) (holding that a violation of a "[l]ocal rule of procedure may serve as notice that . . . leads to dismissal."); *Hiller v. Farmington Police Dep't*, No. 3:12-CV-1139-CSH, 2014 WL 992790, at *5 (D. Conn. Mar. 13, 2014) ("If . . . Plaintiff fails to take the requisite actions to effect service and/or provide a satisfactory explanation, the action will be dismissed pursuant to the Federal and Local Rules of this Court."); *Sripirom v. Rivers Casino & Resort*, No. 119CV317MADATB, 2019 WL 6711387, at *2 (N.D.N.Y. Dec. 10, 2019) ("Magistrate Judge Baxter did not clearly err in recommending dismissal of this action without prejudice for violation of the Local Rules.").

Regardless, there is no evidence that Kabbage's failure to appear was motivated by bad faith or otherwise willful. Kabbage simply did not receive service of the lawsuit.

---

[5] This Court's Bankruptcy Rules state that "[t]he Local Rules of Bankruptcy Procedure supplement, but do not replace the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Bankruptcy Procedure, or the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut." D. Conn. Bankr. L.R. 1000-1.

**2. Kabbage has meritorious defenses because Ace agreed to arbitrate all claims with Kabbage.**

The second factor also favors lifting default because Kabbage has meritorious defenses. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *Am. Alliance Ins. Co.*, 92 F.3d at 61; *see also State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) ("In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but rather present facts that would constitute a defense.").

Here, Ace's claim fails because Ace agreed to arbitrate any and all claims against Kabbage arising from or related to the BLAs. Indeed, Celtic Bank made the same argument, moving to compel arbitration of Ace's claims based on the binding arbitration provisions in the BLAs. ECF Nos. 9 through 9-19 Celtic Bank's Mot. Dismiss. Although Kabbage is not a signatory to the BLAs (because Celtic Bank, and not Kabbage, is the lender under each of those agreements), the arbitration clauses in the BLAs also apply to claims against Celtic Bank's "successors, assigns, [and] agents." *See* ECF No. 9-1 at pgs. 4-5; ECF Nos. 9-4 through 9-18 at pgs. 6-7, ACE's BLAs (defining the arbitrable claims as "(vi) Claims between you and us or our parent corporations, wholly or majority owned subsidiaries, affiliates, predecessors, successors, assigns, agents, independent contractors, employees, officers, directors or representatives arising from any transaction between us pursuant to this Agreement and (vii) Claims regarding the validity, enforceability or scope of this Arbitration section or this Agreement including but not limited to whether a given claim or dispute is subject to this dispute"); *see also* ECF Nos. 9-4 through 9-18 at p. 3 ("This Business Loan Agreement ("Agreement") is made by and between Celtic Bank, its successors, assigns and representatives ("we," "us," "our" or "Bank" and merchant ("you" or

"Merchant") . . .").) Here, Kabbage is Celtic Bank's agent, and was assigned an interest in the receivables under the BLAs.

For that reason, a Minnesota state court recently compelled arbitration of substantially identical claims against Kabbage based on the same language in the BLAs. *See* Exhibit B, *Como Law Firm, P.A. v. Kabbage, Inc. and Celtic Bank Corp.*, Ramsey County Minn. (Case No. 62-cv-18-7655), Mar. 2, 2020 Order Compelling Arbitration and Staying Case. Thus, all of Celtic Bank's meritorious arguments to compel arbitration apply equally to Kabbage.

Finally, even in the absence of the binding arbitration clauses in the BLAs, Kabbage would still have a meritorious defense to Ace's "true-lender claims." In *NRO Boston, LLC v. Kabbage, Inc.*, D. Mass, Civil Action No. 1:19CV11901, the plaintiff asserted "true-lender" claims substantially identical to those Plaintiff asserts here. Kabbage and Celtic Bank moved to compel arbitration of those claims and, after an evidentiary hearing, the arbitrator rejected the plaintiffs' claims in their entirety. *See* Exhibit C, *NRO Boston, LLC v. Kabbage, Inc.*, Civil Action No. 1:19CV11901, 2019 WL 8807742 (D. Mass. Sept. 9, 2019 Final Award)).[6] Once properly moved to arbitration, the arbitrator should do the same here. For all these reasons, Kabbage has meritorious defenses to Ace's claims.

### 3. Ace will suffer no prejudice if the Court lifts the default because it delayed five months to take any action against Kabbage.

The final factor weighs in favor of lifting the default because Ace will suffer no prejudice. "[D]elay alone is not a sufficient basis for establishing prejudice" when analyzing a motion to vacate a default. *Cody v. Mello*, 59 F.3d 13, 16 (2d Cir. 1995) (quotation omitted). Moreover, evidence that the plaintiff contributed to the delay "*strongly suggests that some further delay will*

---

[6] Kabbage reserves the right to raise and argue for other defenses, but only states these defenses in the present motion for brevity.

{00253266.2 }                                      8

*not unduly prejudice [plaintiff]" in vacating the default.*" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) (emphasis added); *see also New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) ("Something more [than delay] is needed. For example, delay may thwart plaintiff's recovery or remedy. It also may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.") (quotation omitted).

Here, as discussed above, Ace waited five months to seek a default. Ace also waited five months before filing a certificate of service, or otherwise making any attempt to show—or even allege—that it had served Kabbage. *See* D. Conn. L. Civ. R. 4(d) ("The plaintiff shall file proof of service complying with Fed. R. Civ. P. 4(l), or proof of waiver of service, within 7 days after plaintiff's receipt of such proof."). As the Second Circuit has held, Ace's conduct "strongly suggests" that it would not suffer prejudice by vacating the default. *Green*, 420 F.3d at 110. Indeed, as discussed above, Ace's failure to timely file proof of service is grounds for dismissing the claims against Kabbage in their entirety. *See* D.Conn. L. Civ. R. 4(d); *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) (holding that a violation of a "[l]ocal rule of procedure may serve as notice that . . . leads to dismissal."). For all these reasons, the default against Kabbage should be vacated.

**IV. <u>CONCLUSION</u>**

For these reasons, Kabbage asks the Court to set aside the default and permit Kabbage a reasonable time to respond to the Complaint.

This 28th day of January, 2022.

THE DEFENDANT, KABBAGE, INC.

By: /s/Kellianne Baranowsky
Kellianne Baranowsky (ct26684)
Green & Sklarz LLC
One Audubon Street, Third Floor
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
kbaranowsky@gs-lawfirm.com

By: /s/Jeff Zachman
Nathan Garroway *(pro hac vice forthcoming)*
Jeff Zachman *(pro hac vice forthcoming)*
Dentons US LLP
303 Peach Tree Street NE
Suite 5300
Atlanta, GA 30308
(404) 527-4000
Fax: (404) 527-4198
Nathan.garroway@dentons.com
Jeffrey.zachman@dentons.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date set forth below, a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: January 28, 2022

                                                       /s/ Kellianne Baranowsky