# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ACE BEGONIAS INC., | CASE NO. 19-31430 (AMN) |
| DEBTOR. | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ACE BEGONIAS INC. | |
| Plaintiff, | |
| v. | Adv. Pro. No. 21-03007 |
| KABBAGE, INC.; and CELTIC BANK, | |
| Defendants. | |

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

TO:  THE HONORABLE ANN M. NEVINS
     UNITED STATES BANKRUPTCY JUDGE

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") for Integrity Graphics, Inc., (the "Debtor") by and through her undersigned counsel, hereby respectfully submits this Motion for Approval of Settlement Agreement (the "Motion") for an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the proposed settlement (the "Settlement") between the Trustee and Kabbage, Inc. (the "Settling Defendant") involving the recovery of monies and property.

In support thereof, the Trustee represents as follows:

## BACKGROUND

1. On August 30, 2019, (the "Petition Date") the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code and the Trustee was appointed Chapter 7 Trustee of the Debtor.

2. The Trustee has investigated and pursued certain avoidable transfers of the Debtor's property, including those transfers that could be avoided as preferential and/or fraudulent transfers.

3. In the instant Adversary Proceeding, the Trustee has alleged that during the four years prior to the Petition Date, the Debtor entered into a series of loan transactions with the Settling Defendant that the Trustee claims were usurious.

4. The Trustee further alleges that, due to the usurious interest rate, the Debtor was not obligated to repay the loans pursuant to Conn. Gen. Stat. Sec. 37-4 et seq. and that any amounts paid by the Debtor constituted fraudulent transfers.

5. The Settling Defendant has raised defenses to the Trustee's claims and disputes the Trustee's allegations, including (1) that the loans were usurious, (2) that Conn. Gen. Stat. Sec. 37-4 et seq. renders the loans uncollectable, and (3) that the transfers are avoidable or could be recovered for the benefit of the Debtor's bankruptcy estate.

6. The Trustee and the Settling Defendant have reached a settlement agreement, attached hereto as Exhibit A, whereby the Settling Defendant will pay back to the Debtor's Estate an amount that is no less than the interest and fees earned by the Settling Defendant from the loans.

7. Based on her review of the Debtor's financial books and records, as well as documents provided to the Trustee by the Settling Defendant during this Adversary Proceeding, the Trustee has determined that:

   a. The Debtor paid the Settling Defendant no more than $216,048.49 and no less than $216,021.49 during the four years prior to the Petition Date;[1]

   b. The Debtor received loan disbursements from the Settling Defendant that were no less than $193,406.49 and no greater than $199,500.00; and

   c. Based on items a & b above, the total fees and interest paid by the Debtor to the Settling Defendant was no less than $16,548.49 and no more than $22,642.00.

8. In order to avoid unnecessary time, expense, and uncertainty of further litigation, the parties have decided to settle this dispute and the Trustee has determined based on her business judgment that the settlement is in the best interests of the estate. The terms of Settlement are detailed in a separate settlement agreement, which is attached hereto as Exhibit A (the "Settlement Agreement"). A summary of the terms is set forth below.

## SUMMARY OF SETTLEMENT TERMS

9. Pursuant to the settlement contemplated herein, the Settling Defendant shall make a one-time payment to the Trustee in the total amount of Twenty-Two Thousand Six Hundred Fifteen Dollars and 00/100 ($22,615.00) (the "Settlement Payment"), which is representative of the fees and interest the Debtor paid to the Settling Defendant in connection with the loans.

---

[1] The Debtor's bank records reflect total payments of $216,048.49.  However, the Settling Defendant's records reflect total payments of $216,021.49.  The parties have been unable to identify the source of the $27 discrepancy, but believe it may be related to a typographical error or bank fee.

10. Pursuant to the terms of the settlement agreement, the Settling Defendant will deliver the Settlement Payment to the Trustee within 5 business days after this Court approves the settlement agreement.

11. Furthermore, the Settlement Agreement contains limited mutual releases between the Trustee, the Settling Defendant, and affiliates of the Settling Defendant. These releases are limited to the release of any claims arising from or relating to the alleged fraudulent transfers and/or the subject loans. The Settling Defendant are not releasing any claim that they may have against the Bankruptcy Estate under Section 502(h) of the Bankruptcy Code.

## STANDARDS FOR SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019(a)

12. Fed. R. Bankr. P. 9019(a) provides that "on motion by the trustee and after notice and a hearing, the bankruptcy court may approve a compromise or settlement." The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical matter, it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts." In re Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1, 9-10 (1968). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. In re: Penn Central Transportation Co., 596 F.2d 1002 (3d Cir. 1979).

13. Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court. In re Neshaminy Office Buildings Associates, 62 B.R. 798, 803 (E.D. Pa. 1986). The court must determine whether the proposed settlement is in the "best interests of the estate." See In the Matter of Energy Cooperative, Inc., 886 F.2d 921, 927 (7th Cir. 1989). In determining whether to approve a compromise, the bankruptcy court should apprise itself "of all facts necessary

for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, Inc., 390 U.S. at 424-25.

14.     The bankruptcy court should consider five factors in striking the balance between the value of the compromise and the value of the claim: 1) the probability of success in the litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation; 4) the expense, inconvenience and delay necessarily attending it; and, 5) the paramount interest of the creditors. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992), cert. dismissed, 506 U.S. 1088, 113 S. Ct. 1070, 122 L. Ed. 2d 497 (1993). The court should not substitute its judgment for that of a trustee. Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. In re W.T. Grant and Co. 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." Neshaminy Office Building Associates, 62 B.R. at 803 (citing, In re Patel, 43 B.R. 500, 505 (N.D. Ill. 1984).

15.     In the Trustee's judgment, this settlement is in the best interests of the Estate and permits the Estate to avoid the risks and expenses associated with litigation. The Settling

Defendant have raised a number of defenses to the Trustee's claims and have sought to compel arbitration. Counsel for the Settling Defendant and the Trustee have shared documents with each other through informal discovery and discussed the potential defenses before negotiating the settlement contemplated herein.  Based upon the foregoing, the Trustee believes that it would best serve the interests of the Estate to settle all claims between the Estate and the Settling Defendant without incurring any additional expenses related to the prosecution of this adversary proceeding.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the annexed Order to approve the proposed settlement pursuant to Fed. R. Bankr. P. 9019(a), authorize the Trustee to enter into the Settlement Agreement, and grant such other and further relief as the Court shall deem just and proper.

Dated at Trumbull, Connecticut, this 27th day of April, 2022.

THE TRUSTEE,
BONNIE C. MANGAN


By: /s/ David C. Shufrin
David C. Shufrin, Esq. [ct29230]
SHUFRIN LAW GROUP, LLC
21 Frelma Drive
Trumbull, CT 06611
Tel: 203-307-5001
David@shufrinlaw.com